No. 17,395.

## MORELAND ET AL. *v.* THORN ET AL.

APPELLATE PROCEDURE.—*Sufficiency of Answer.*—The sufficiency of an answer cannot be considered on appeal where no demurrer was taken thereto.

ASSIGNMENT OF ERRORS.—*Special Finding.—Conclusions of Law.*— An assignment of error that the court erred in the finding of facts and the conclusions of law thereon, is not available on appeal, where there is no special finding of facts or conclusions of law, but a general finding only and judgment thereon.

SAME.—*Motion for New Trial.—Appeal from Subsequent Trial.*— An erroneous overruling of a motion for a new trial on a former trial of an action cannot be considered on appeal from a judgment on a subsequent trial.

MORTGAGE.—*Foreclosure Sale.—Redemption by Heirs of Mortgagee.*— The heirs of a mortgagee cannot redeem under the mortgage from a sale under other mortgages or judgments, where the administrator of such mortgagee foreclosed the mortgage and collected in full the judgment rendered thereon.

From the Grant Circuit Court.

*J. Brownlee* and *L. I. Baker,* for appellants.

*R. T. St. John* and *W. H. Charles,* for appellees.

HOWARD, J.—From the complaint it appears that David Moreland died the owner in fee simple of certain described land in Grant county, leaving his widow Mary H. Moreland and his children, being certain of the appellants, and others; that these children and heirs afterwards met with said widow and all joined in a warranty deed for the land to the appellee Smith; that all received their consideration in money for said deed, except the widow, who received a mortgage. It appears that an agreement was made between the widow and Smith, who was her son-in-law, according to which she

was to live with him on the farm, receiving care and support from him in payment of the value of her undivided one-third of the land; and that the mortgage was given to her as a security for such care and support. The mortgage was not simply on the interest sold by the widow, but on the whole farm. It is further alleged that this arrangement continued for about nine years, and that then Smith moved to Kansas, abandoning the farm and his contract with the widow, who still continued on the farm until her death, which occurred about two years thereafter; that during those last two years her son, the appellant Ellis J. Moreland, had the care and keeping of his mother. It appears that the mortgage given to secure the widow's support was not executed until seven months after the execution of the deed to Smith, and was not placed upon record until still later. During the time between the execution of the deed and that of the mortgage, Smith suffered certain mortgage liens to be placed upon the land, which mortgages were afterward foreclosed and the lands sold. Under sheriff's deeds made in pursuance of such sales, and other sheriff's sales under foreclosure of liens on said land, the appellee George W. Thorn claims title.

The prayer of the complaint was that appellants, as plaintiffs and heirs to the widow's one-third interest in said land, might be allowed to redeem under said mortgage given to her by the appellee Smith from said other mortgages, judgments and foreclosure sales.

The appellees answered this complaint by a general denial, and also by a special paragraph, in which they admit much of what is alleged in the complaint, but aver that, on the death of the widow, an administrator named was appointed for her estate; that said administrator brought suit under her said mortgage; that

said mortgage was foreclosed and judgment rendered for the amount found due thereon; that said mortgage judgment has been fully paid by said appellee Thorn and the mortgage duly released of record.

To this paragraph of answer a reply was filed in general denial, and the cause was submitted to the court for trial. The court found for the appellees and entered judgment for costs in their favor.

The assignment of errors is as follows:

"1. The answer of defendants does not state facts sufficient to constitute a cause of defense to the action by plaintiffs, in either paragraph of complaint.

"2. The court erred in the finding of facts in said cause and the conclusions of law thereon.

"3. The court erred in refusing the motion for a new trial on the former trial of this cause."

We are of opinion that no question arises under any of these assignments.

There was no demurrer to the answer, and its sufficiency cannot therefore be considered on appeal. The rule according to which the sufficiency of a complaint may be considered for the first time on appeal does not apply to an answer. Section 346, R. S. 1894 (section 343, R. S. 1881); *Bledsoe* v. *Rader*, 30 Ind. 354; *Crowder* v. *Reed*, 80 Ind. 1; *Chicago, etc., R. R. Co.* v. *Modesitt*, 124 Ind. 212; Elliott App. Proced., sections 476, 480.

As to the second assignment, it is sufficient to say that the record discloses no special finding of facts or conclusions of law. There is a general finding only, and judgment for the appellees.

As to the third assignment, the record shows no "former trial of this cause;" and, even if it did, an erroneous "refusal of a motion," or the overruling of a

motion, in such former trial could not be considered on this appeal.

We have, however, examined the evidence in the record, and find that it fully sustains the averments of the special answer. That answer is a complete bar to the action outlined in the complaint. Appellants' sole claim to recover was under the mortgage given to the widow to secure her support out of the farm sold to the appellee Smith. The answer, however, avers, and the evidence shows, that the administrator of the widow's estate foreclosed this mortgage and collected the judgment rendered thereon. The widow's estate, consequently, having received the full amount found due her under her mortgage, and that mortgage having been canceled of record, there is nothing left under which the appellants, as her heirs, can redeem from the other mortgages and judgments, on foreclosure of which the land was sold to the appellee Thorn.

The judgment is affirmed.

