## GLEASON *v.* McGINNIS.

[No. 3,892. Filed November 7, 1902.]

APPEAL AND ERROR.—*Exceptions.*—No question is presented on the overruling of a demurrer to an answer, where no exception was reserved to such ruling. *p. 5.*

SAME.—*Answer.—Questioned for First Time on Appeal.*—The sufficiency of an answer can not be questioned for the first time on appeal. *p. 5.*

SAME.—*Weight of Evidence.*—The Appellate Court will not disturb a verdict on the insufficiency of the evidence. *p. 5.*

From Jasper Circuit Court; *S. P. Thompson,* Judge.

Action by David D. Gleason against Samuel McGinnis for money loaned and for work and labor. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. Halleck, F. Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellant.

*M. F. Chilcote* and *W. H. Parkison,* for appellee.

ROBINSON, J.—Appellant's first paragraph of complaint seeks to recover money loaned; and the second paragraph for work and labor. A demurrer to the several paragraphs of answer was overruled, but as no exception was reserved no question is presented upon the ruling.

Error is assigned that the answer and the several paragraphs thereof do not state sufficient facts to constitute a defense. But the sufficiency of an answer can not be questioned for the first time on appeal. *Chicago, etc., R. Co.* v. *Modesitt,* 124 Ind. 212; *Miller* v. *McDonald,* 139 Ind. 465; *Moreland* v. *Thorn,* 143 Ind. 211; *Austin* v. *McMains,* 14 Ind. App. 514.

The only remaining question argued is the sufficiency of the evidence to sustain the jury's verdict in appellee's favor.

The jury returned a general verdict for appellee, and also answers to interrogatories as follows: "Was the $200 paid by plaintiff to defendant a loan of money? A. No. How much do you allow the plaintiff for work and labor? A. $65.88. How much do you allow the defendant on account of his set-off? A. $65.88." The controverted questions between the parties have been expressly answered by the jury. It is clear, from a careful consideration of all the evidence, that we can not disturb the conclusions reached by the jury without weighing the evidence. Upon the issues tendered there is evidence to sustain the verdict. No useful purpose would be subserved by setting out the evidence, which is discussed at some length by appellant's counsel.

There is no error for which the judgment should be reversed. Judgment affirmed.