#### IN THE

# APPELLATE COURT

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1902, AND MAY AND NOVEMBER TERMS, 1903, IN THE EIGHTY-SEVENTH YEAR OF THE STATE.

---

## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. KEPLER.

[No. 3,953. Filed April 7, 1903.]

TRESPASS.—*Title.*—*Special Finding.*—*Appeal.*—A judgment against a railroad company for damages for wrongfully entering upon plaintiff's land and removing a fence will not be reversed on the question of ownership of the land, where the special findings upon which the conclusions of law were based showed the record title of the land to be in plaintiff, and no facts were stated showing title by adverse possession in defendant, there being evidence to sustain the findings.

From Wayne Circuit Court; *J. F. Robbins*, Special Judge.

Action by John H. Kepler against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. T. Dye* and *J. L. Rupe*, for appellant.
*L. E. Kepler*, for appellee.

HENLEY, J.—This case was transferred to this court by the Supreme Court. Appellee commenced this action by

complaint in two paragraphs, asking damages of appellant on account of an alleged trespass by appellant in entering upon appellee's real estate and taking down and removing a fence. The question in this case is as to who is the owner of the land upon which the fence was built.

The judge trying the cause, at the request of appellant, found the facts specially, and stated conclusions of law thereon. Appellant excepted to the conclusions of law, thereby admitting, for the purpose of testing the correctness of the conclusions of law, that the facts found were correct.

Upon the subject of the ownership of the land where the fence was built the court found as follows: "That at all times since the construction of said railroad, and during the time it has since continuously operated the same on the east bank of said canal, it has continuously held and used and possessed the ground covered by its tracks and a strip of ground from six to ten feet in width extending from the west of the west rail of her said track, and running parallel therewith through the land described in the plaintiff's deed, but the right of way line between its said tracks and the water of said canal has not been defined by any fence or enclosure or particular marks defining the same; that the strip of ground so occupied by the defendant and its predecessors in the ownership of said railroad for its tracks and right of way, is included within the boundaries of the land as described in the deed to the plaintiff from Peter Kepler and wife, above referred to; that the said railroad, as laid and constructed along the east line of plaintiff's land, was so laid that the west end of the railroad ties of its main track was substantially upon the top of the east bank of the canal, and from the time of the construction of said road continuously to a date about seven years ago the water in said canal has always flowed over the bed of the same, and along the east side thereof, next to the track of said railroad, had flowed so that it was within four or five feet of the west end of the said railroad ties; that

Cleveland, etc., R. Co. v. Kepler.

about seven years ago David Creitz, the owner of the said Conklin mill, for the purpose of improving the water-power of said mill, dredged out the canal, deepening the channel for the flow of water therein and along the east side of the plaintiff's land. Such dredging had had the effect to extend the water-line, at the ordinary stages of water in said canal, westward from where it had theretofore flowed, and that since the said dredging out the water-line in the said canal, at the ordinary stages of water therein, has been and remained at varying distances from the said defendant's railroad track of from sixteen to twenty-four feet west therefrom; that the said increased space between the water of said canal and said track over which the water of the canal has not been accustomed to flow during the said period of seven years, however, is ground which was in the bed of the said canal as originally constructed, and since said period the said ground between the railroad track and the water-line in the canal has been and remained a gradual sloping bank, sloping downward from a point substantially at the west end of the ties of the railroad to the water-line of the canal. The said change in the flow of the water in said canal, so made about seven years ago, was made wholly by said David Creitz, the owner of said mill, without objection from the landowner, and for his own use and purposes; that the plaintiff has never at any time since the construction of said railroad made any use of the ground lying between said railroad track and the water-line of the canal; that the said railroad company, the defendant herein, never had possession of or made any use of this new bank of said canal so made by dredging, nor any part of the abandoned canal, except the portion of the east bank so occupied by her said railroad tracks, and a strip of ground six to ten feet in width adjoining the west rail of said track on the west and running parallel with said track, excepting, however, that during the past year said company has mowed the weeds and grass growing on

the entire strip of ground lying between the west rail of her track and the edge of the water of the canal; that at the time of the construction of the said railroad of the defendant along the plaintiff's land the said land, now owned by the plaintiff, was owned and in the possession of one David Keller, who resides upon said land, and saw and knew at the time that said road was constructed that the same was so being constructed along the east side of his land, and with his knowledge and assent. The court further finds that on August 7, 1897, the plaintiff served a written notice on the freight agent of the defendant at Cambridge City, Indiana, he being the nearest freight-receiving and shipping agent of the defendant company to the plaintiff's land. By the notice the plaintiff described his land, and requested the defendant to build a fence between their lands, without defining any line upon which said fence should be located; that the plaintiff's said land was then enclosed on three sides west of said canal, and was a farm used and cultivated by him as farm land; that at one time there was no fence on the east side of plaintiff's land, either on the east side or the west side of the canal; that the defendant offered and proposed to construct a fence for the plaintiff on the west side of the canal, claiming that the land on the east side between its track and the water-line was its right of way; that the said railroad had been completed and operated by the defendant for more than four years last past, and by the terms of the said notice, so served by the plaintiff, the defendant was notified that after thirty days, if it failed to construct a lawful fence on the east bank of the canal, that the plaintiff intended to enter upon the land and right of way of the railroad and construct a fence, and collect the costs thereof from the defendant; that on the — day of October, 1897, the plaintiff began setting posts for the construction of a fence east of the canal and between the railroad track and the water's edge, at a point fifteen feet distant west from the west rail

of the defendant's road and parallel with the railroad; that all the posts so planted by the plaintiff were planted on a line west of and parallel with and fifteen feet distant from the west rail of defendant's said track. The plaintiff planted posts costing him $10, and furnished labor in planting the same costing him $5, and the defendant's agents tore out and removed on the same date the posts so set, under instruction from the defendant company, by which the plaintiff sustained damage in the sum of $1; that on the line where said posts were being set as above described, the plaintiff was the owner in fee of the ground, and the same is included within the boundaries of his said deed from Peter Kepler and wife, and up to the period of seven years prior to this time, when the said canal was dredged by David Creitz, as hereinbefore found, this line, upon which the posts were so being set, was covered with water, and had been since 1867 and since the construction of the canal, and was within the bed of the canal and the water channel thereof until after said canal was dredged as aforesaid."

The finding also includes facts showing a perfect record title in appellee to the land upon which the fence was built, through various deeds and proceedings in court, and there are no facts found which are so at variance with the facts, which place the title in appellee, as to render the finding invalid and of no effect upon this point. We must, therefore, hold the conclusion of law that appellee is and has been for more than five years last past the owner in fee simple of the land upon which the fence was built, a correct conclusion from the facts stated.

The only question then remaining is, was there evidence to support the finding of facts upon which the trial court based its conclusions of law? The evidence shows an unbroken record title in appellee to the land in dispute. It is not shown how appellant acquired title, except by adverse possession for more than twenty years, and the court had the right to conclude from the evidence that such adverse pos-

session did not extend to the line where appellee attempted to build the fence. The disputed questions of facts were all sustained by some evidence.

The judgment of the trial court is affirmed.