## Indiana Natural Gas and Oil Company *v.* Wilhelm.

[No. 6,217.    Filed November 24, 1908.    Rehearing denied June 8, 1909.]

1. Pleading.—*Complaint.—Allegations.—Ultimate Facts.*—Only the ultimate facts to be proved need be alleged in a complaint.  p. 102.

2. Pleading.—*Complaint.—Gas and Oil.—Marketable Quantities.— Facts.—Evidence.*—A complaint, upon a contract providing that if defendant gas and oil company found gas in marketable quantities such company would pay a certain sum per well to the owner, which alleges that gas was found in "sufficient quantities * * * to be marketed and in sufficient quantities to be piped" to market, and that such gas "could have been sold at a profit to defendant," states ultimate facts and not mere conclusions, the amount of gas, its cost of transportation and cost of production being evidentiary.  p. 102.

3. Trial.— *Instructions.— Gas and Oil.— Marketable Quantities.— Cost.*—In an action upon a contract obligating defendant gas and oil company to pay a certain rental if gas were found in marketable quantities, an instruction that gas would be found in such quantities if, "taking into consideration the opportunity to sell the same, the cost and expense attendant thereon" the gas might have been reasonably sold at a profit, is not objectionable as leaving out the annual rental to be paid.  p. 102.

4. Trial.—*Instructions:—Gas and Oil.—Cost of Production.—Cost of Wells.*—Where wells are being pumped for oil for market under a contract with the landowner providing for certain compensation if oil should be found in paying quantities, and an additional sum if gas should be found in marketable quantities, and an action is brought for certain rentals due for gas obtained from the same wells, it is correct to instruct that the cost of sinking the wells should not be considered in estimating whether gas existed in marketable quantities, since such cost was covered by the operation of the wells for oil.  p. 103.

5. Trial.— *Instructions.— How Considered.*— Instructions will be considered as a whole, and where they fairly state the law a reversal will not be ordered because of technical defects.  p. 104.

6. Trial.—*Instructions.—Gas and Oil.—Marketable Quantities.— Cost.*—In an action upon a contract providing for the payment to the landowner of certain rentals if gas should be found upon his land in marketable quantities, an instruction that the cost of marketing such oil, which includes the rentals therefor, should be considered in determining such question, is proper.  p. 104.

7. APPEAL.—*Weighing Evidence.*—Where there is some evidence supporting the judgment, the Appellate Court will not disturb it. p. 105.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Jane Wilhelm against the Indiana Natural Gas and Oil Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. O. Johnson, C. C. Shirley* and *Blacklidge & Wolf,* for appellant.

*Custer & Cline* and *Grant A. Dentler,* for appellee.

WATSON, C. J.—This was an action by appellee to recover rentals for gas, under the terms of a lease between the parties thereto, for a period of six months for one of the wells, and for a period of one year for each of the remaining four wells.

The lease provided:

> "That said party of the second part [appellant], in consideration of said grant and demise, agrees to give to the party of the first part [appellee] the full equal one-eighth of all the petroleum oil obtained or produced on the premises herein leased, and to deliver the same in tanks or pipe-lines to the credit of the party of the first part. It is further agreed that if gas is found in sufficient quantities to market the same, and to be piped away from the premises to such market, the consideration in full to party of the first part shall be $200 per annum for each and every gas-well drilled on the above-described land."

Issues were joined, and a trial had before a jury which returned a verdict for appellee, with damages in the sum of $825, and judgment was rendered on the verdict.

Appellant assigns as errors: (1) The amended complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellant's demurrer to the amended complaint; (3) the court erred in overruling appellant's motion for a new trial.

The complaint alleged the drilling of each well, and that

"gas was found in sufficient quantities during the year there-after following to be marketed and in sufficient quantities to be piped away from the premises to a market for such gas; that during all such time there were good markets for such gas at Upland, Matthews, Gas City and Hartford City, and at other places, all within ten miles of said well, and at other places farther away to which said gas could have been then delivered, used and sold at a profit to the defendant." These allegations, it is urged by appellant, are not statements of fact, but mere opinions.

It is a familiar and well-settled rule that alleging the ulti-mate facts to be proved will be sufficient. *Guenther* v. *Fohey* (1901), 26 Ind. App. 93; *Pennsylvania Co.* v. *Zwick* (1891), 1 Ind. App. 280.

The allegations objected to clearly set out a state of facts which, if proved along with the other material averments of the complaint, would entitle appellee to recover. Consequently they cannot be said to be averments of mere opinions.

There is also the objection that the complaint does not aver the amount of gas produced in any well, the cost of produc-tion, or the cost of transportation to market. Such objec-tion cannot avail appellant, for the reason that each fact thus set out is evidentiary in character, and must neces-sarily appear in the proof of the ultimate facts alleged in the complaint.

The reason assigned for a new trial is that the sixth in-struction given by the court leaves out of consideration the original cost of the wells, and also the rental required to be paid each year. The instruction objected to is as follows: "Under the terms of the contract in suit gas is found 'in sufficient quantities to market the same and to be piped away from the premises to such market' when-ever gas is found or exists in any wells drilled on the prem-ises in such quantities that, taking into consideration the op-portunity to sell the same, the cost and expense attendant

thereon and in connection with the operation of such well for oil, if you find the same to have been so operated, the gas in such well could or might have been reasonably sold at a profit to the lessee." It will be observed that in this instruction the court specifically told the jury that they were to consider the opportunity to sell the gas, with the cost and expense attendant thereon. The court in giving such instruction must clearly have had in mind the amount of rental to be paid in case gas was marketed, for appellant would become obligated for such sum upon the production of a marketable quantity. It is reasonable to suppose, also, that such meaning of the court was conveyed to the minds of the jury and that they so understood it.

In the fourth instruction the jury were told that, in order to recover, appellee must, by her evidence, affirmatively answer the question: "Did said wells, or either of them, produce gas in sufficient quantities to enable the defendant to pipe the same away to market therefor, and realize therefrom and thereon a fair, reasonable and just profit, everything considered?"

It is undisputed that the wells in question were being pumped for and were producing oil during the period for which this rental price was claimed. The same wells were also producing gas at the same time. This fact alone distinguishes the case at bar from the case of *Manhattan Oil Co. v. Carrell* (1905), 164 Ind. 526, relied upon by appellant.

In that case the court held that the cost of drilling new wells should be considered in determining whether oil was found in paying quantities, as agreed in a lease calling for more wells to be drilled in the event that oil was found in paying quantities.

In this case there is no question that the wells were producing oil in paying quantities. It is not to be presumed that the oil was being pumped and put on the market at a loss to the producer.

Consequently the question here involved is as to the dis-

posal of an additional product of a well that was already producing oil sufficient to market, such product being the gas which accumulated therein and flowed therefrom.

Since such product is entirely independent of and separate from the oil produced, the profit arising from the sale of gas thus found would be over and above the profits arising from the oil. Consequently the only expense chargeable to the gas alone would be that of operating and marketing the gas, including, of course, the agreed rental therefor.

This court, on appeal, will consider the instructions as a whole, and if, when taken together, the law is correctly stated, although some one instruction may not fully
5.  state all the law applicable to the cause, the case will not be reversed because of such insufficient instruction. *Cleveland, etc., R. Co.* v. *Penketh* (1901), 27 Ind. App. 210; *Indiana, etc., Gas Co.* v. *Anthony* (1901), 26 Ind. App. 307; *Gemmill* v. *Brown* (1900), 25 Ind. App. 6; *Maxon* v. *Clark* (1900), 24 Ind. App. 620; *Musser* v. *State* (1901), 157 Ind. 423; *Morgan* v. *Hoadley* (1901), 156 Ind. 320; *Bowman* v. *Bowman* (1899), 153 Ind. 498; *Hamilton* v. *Love* (1899), 152 Ind. 641, 71 Am. St. 384.

The jury were told that appellee must show that appellant could have realized a ''fair, reasonable and just profit, everything considered,'' and further, that gas would be
6.  found ''in sufficient quantities to market the same, and to be piped away from the premises to such market'' when found in such quantities; that, considering the opportunity to sell, with the attendant cost and expense, in connection with the operation of the well for oil, it could have been reasonably sold at a profit. Thus it was made clear that in determining what would be a reasonable, fair and just profit the jury were to consider the cost of marketing the gas, which would necessarily include the rental price, since that obligation would arise upon the production of a marketable quantity of gas, and the expenses in connection with operating for oil.

The evidence pertaining to the amount of gas produced was very contradictory. Under the well-settled rule that courts on appeal will not disturb a judgment upon the 7. weight of evidence where there was evidence to support the verdict (*Cleveland, etc., R. Co.* v. *Kepler* [1903], 31 Ind. App. 1; *Gleason* v. *McGinnis* [1902], 30 Ind. App. 4; *Heintz* v. *Mueller* [1901], 27 Ind. App. 42; *Sharp* v. *State* [1903], 161 Ind. 288; *Williams* v. *Chapman* [1903], 160 Ind. 130.; *Smith* v. *Barber* [1899], 153 Ind. 322), we cannot say, as a matter of law, that the verdict in this case was erroneous, for there was evidence to support it.

There was no reversible error on the part of the trial court brought to our attention in this appeal. The judgment is therefore affirmed.