# Purcell v. Hosey, Mayor, et al.

### [No. 6,847. Filed October 27, 1909.]

1. PLEADING.—*Answer.*—*Initial Attack on Appeal.*—*Waiver.*—*Motion in Arrest.*—The sufficiency of an answer cannot be questioned for want of facts for the first time on appeal, nor will a motion in arrest of judgment in the trial court question the sufficiency thereof, failure to demur constituting a waiver of the right to question same. p. 451.

2. PLEADING.—*Answer.*—*Argumentative Denial.*—*Surplusage.*—In a suit to restrain a city from collecting alleged excessive water rentals indicated by a defective water meter, an answer, there being a general denial, that a leak in the plaintiff's plumbing caused the excessive flow and alleging that the meter was correct, is sufficient, even if unnecessary. p. 451.

3. APPEAL.—*Injunction.*—*Dissolving Temporary Restraining Order.* —No appeal lies from an order dissolving a temporary restraining order. p. 451.

4. APPEAL.—*Final Judgment.*—*Transcript.*—Where the transcript shows a submission of the cause for trial and states that the court "finds for the defendants, and that the restraining order, heretofore made and entered in this cause, be and the same is hereby dissolved and set aside," the record further showing the overruling of motions for a new trial and in arrest of judgment,

and a judgment for costs, an appeal therefrom will be considered as having been taken from a final judgment.  p. 452.

5.  APPEAL.—*Evidence Not in Record.—Presumptions.*—The judgment, in the absence of the evidence, is presumed to be sustained thereby.  p. 452.

From Allen Circuit Court;  *Edward O'Rourke,* Judge.

Suit by Frank E. Purcell against William J. Hosey, Mayor of the city of Fort Wayne, and others.  From a judgment for defendants, plaintiff appeals.  *Affirmed.*

*Samuel M. Hench,* for appellant.

*Guy Colerick,* for appellees.

MYERS, J.—This cause was appealed to the Supreme Court, and by that court transferred to this court for decision.

The appellant brought suit in February, 1907, against appellee William J. Hosey, as mayor of the city of Fort Wayne, and three others, also appellees, as the board of public works of said city.  The complaint, in substance, alleged that the appellant was the proprietor and manager of a certain hotel in said city, which hotel said city had supplied with water for more than two years, and for many months last past the rental for said water did not exceed $41.84 per month; that the water rent assessed against appellant for the month of January, 1907, amounted to $73.65; ·that this sum was not correct, but was $31.80 in excess of the real sum that should be paid by appellant for the use of the water furnished to him by said city; that the meter owned and furnished by said city, and the elevator register through which said water passed, were defective, and did not properly measure said water, and that by reason thereof the same showed a much larger quantity of water as passing through said meter and register than was really furnished by the city to the appellant for said hotel; that the appellant refused, and still refuses, to pay the sum assessed against him by said officers of said city, for the reason that it was illegal, wrong and excessive; that the appellees were threatening to shut off the water furnished by the city to appellant at said hotel; that

he was ready and willing to pay what was due to the city for the water furnished, etc. He asked for a restraining order and for a temporary injunction, and, that upon the final hearing, the appellees be perpetually enjoined from turning off said water from said hotel.

A restraining order was issued, and on March 14, 1907, the appellees filed an answer in two paragraphs. The first was a general denial. In the second paragraph it was stated, among other averments, that during the month of January, 1907, for which said sum of $73.65 was charged, the appellant permitted a leak to be and remain in the private pipes belonging to him, at a place in said pipes wherein the water furnished by the city flowed after having been measured by the meter; that said leak was the cause of the large flow of water, and for the large measurement of the meter, which was not out of order or in a bad state of repair, but that it properly recorded and measured the water that passed through it. To the second paragraph of answer, appellant replied by a general denial.

The record next shows that the case was submitted to the court for trial. Two days later the appellant moved to make the injunction perpetual. After showing the overruling of this motion, the record of the day last mentioned proceeds as follows: "And the court, being advised herein, finds for the defendants, and that the restraining order, heretofore made and entered in this cause, be and the same is hereby dissolved and set aside." On the same day a motion for a new trial was made by the appellant, and was overruled. Whereupon the appellant moved in arrest of judgment, "for the reason that the second paragraph of the defendants' answer does not state facts sufficient to constitute a cause of defense to the plaintiff's complaint." This motion having been overruled, the court rendered final judgment, that the restraining order be dissolved and that the appellees recover costs, etc., to which "judgment and the rendition thereof" the appellant excepted.

The second paragraph of answer is questioned, for want of facts, for the first time on appeal, and by a motion in arrest of judgment in the trial court.

The sufficiency of an answer, on the ground stated, must be tested by a demurrer, or such objection will be considered as waived. *Unger* v. *Mellinger* (1906), 37 Ind. App. 639, 117 Am. St. 348, and cases cited; *Dawson* v. *Eads* (1895), 140 Ind. 208. Nor will a motion in arrest of judgment, based on the answer, take the place of a demurrer. As said in *Moreland* v. *Thorn* (1896), 143 Ind. 211: "There was no demurrer to the answer, and its sufficiency cannot therefore be considered on appeal." Elliott, App. Proc., §476.

It will be observed, moreover, that the complaint was based on the alleged inaccuracy of the measurement of the water supply, because of the defectiveness of the meter. The second paragraph of answer accounted for the increased quantity of water furnished. If the second paragraph of answer was unnecessary, being accompanied with a paragraph in general denial, yet it sufficiently controverted the allegation in the complaint on which the cause of action was based.

The only other alleged error stated in the appellant's brief, under the head of propositions or points, is the action of the court in dissolving and setting aside the restraining order. The court did not grant a temporary injunction, and there is no provision in our code, or in any statute, to our knowledge, authorizing an appeal from an order of court dissolving a temporary restraining order. *Terre Haute, etc., R. Co.* v. *St. Joseph, etc., R. Co.* (1900), 155 Ind. 27. The Supreme Court in transferring this case to this court evidently concluded, as we have, that this was an appeal from a final judgment for the appellees upon the merits.

It is contended here, on behalf of the appellant, that the

record does not show a trial. We have recited enough of the record to indicate that this claim is not well taken.

4. The record does not advise us as to the evidence on which the court acted, and without the evidence we

5. must assume that it authorized a finding for the appellees. This being true, it was proper for the court to render judgment, including therein the dissolving of the restraining order.

Judgment affirmed.