## Midsouth Oil Company v. Cochran.

(Decided October 5, 1928.)

### Appeal from Johnson Circuit Court.

Mines and Minerals.—Lessee under oil lease providing for royalty of oil produced and for payment of annual sum for each gas well producing oil in paying quantities had right to use casing head gas produced from oil wells on leased property either on or off the premises for its own purposes in operating wells, such gas being the property of the lessee, after having complied with obligations of lease relative to payment of oil royalties.

PRICHARD, MALIN & SMITH for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In March, 1917, the appellee entered into an oil lease with Jos. L. Bond, the pertinent terms of which are:

"Agreement and lease made and entered into the 6th day of March, A. D. 1917, witnesseth: That J. D. Cochran and Lon Cochran, lessors, in consideration of $1.00 to us in hand duly and truly paid by Jos. L. Bond, New York City, lessee, the receipt of which is hereby acknowledged, do hereby grant, demise and let unto the lessee all the oil and gas in and under the following described tract of land; also the said tract of land for the purpose of entering upon, operating thereon and removing therefrom said oil and gas for the term of five years from date

. . . with the right to use oil, gas or water therefrom . . . the above grant or lease being made upon the following terms; . . . Second: Should oil be found in paying quantities the lessee agrees to deliver to the lessors free of charge into tanks or pipe lines one-eighth part or share of all crude oil produced or saved from said premises. Third: Should gas be found in paying quantities, the lessee agrees to pay $100 each year for the product of each well while the same is being sold off the premises. The lessor to have gas free of cost to heat and light one dwelling house during the same time at the well, to be used at lessor's risk.''

The appellant has come into the ownership of this lease as lessee. Thereafter three oil wells were drilled by the appellant on the appellee's land described in this lease. While these wells produce oil in sufficient quantities to market, it is admitted that they are not and have never been gas wells within the meaning of that part of the lease requiring the payment of a royalty of $100 a year on gas wells producing gas in paying quantities while the gas is being sold off the premises. Since these wells have been drilled the appellant has daily taken from well No. 1 a small quantity of casing head gas. This casing head gas has been piped by the appellant to a pumping plant located on an adjacent lease also owned and developed by the appellant and there mingled with casing head gas obtained from wells on other leases which the appellant owned in that vicinity. All of this casing head gas has then been used by the appellant in pumping the thirteen wells it owned on various leases, including the three wells on appellee's land. It also appears that some of the casing head gas which came from the appellee's land was probably used by the appellant in the drilling of at least one well on an adjacent lease owned by it. It is admitted that the oil royalties due the appellee from appellant have been promptly paid. Conceiving that the casing head gas obtained by the appellant from the wells on his property, at least when used off his premises, belonged to him, the appellee brought this suit against the appellant to recover the value of this casing head gas so used by the appellant off his premises, and on a trial secured a verdict and judgment of $1,500, to reverse which this appeal is prosecuted.

As to whether or not the lessee must under his lease pay the lessor for casing head gas used or sold by the

lessee on or off the premises depends of course on the terms of the lease. In many of the cases dealing with this problem it appeared that the lessee had converted the casing head gas into gasoline which the lessee sold, and the question was as to the liability of the lessee to the lessor for a royalty on the gasoline thus sold. See Locke v. Russell, 75 W. Va. 602, 84 S. E. 948; Wemple v. Producers' Oil Co., 145 La. 1031, 83 So. 232; Twin Hills Gasoline Co. v. Bradford Oil Corp. (D. C.) 264 F. 440; Withington v. Gypsy Oil Co., 68 Okl. 138, 172 P. 634. In some cases the flow of casing head gas was of sufficient quantity to make the well both an oil and a gas one, and the question was, did the lessee have to pay the gas rental as well as the oil royalty. See Indiana Natural Gas & Oil Co. v. Wilhelm, 44 Ind. App. 100, 86 N. E. 86. The case before us, however, presents neither of these features, and it is likewise to be distinguished from that line of cases where the lease expressly provides for a payment for gas sold or used on or off the premises with certain exceptions not here material. See Mathes v. Shaw Oil Co., 80 Kan. 181, 101 P. 998; Coulter v. Conemaugh Gas Co., 14 Pa. Super. Ct. 553. In the case before us the lessor granted and demised to the lessee all the oil and gas in and under the lessor's land, and, further, gave it the right to use oil, gas and water therefrom without any restrictions being placed on such use. In return for this grant the lessee was to pay certain oil royalties on oil wells and a certain annual rental on gas wells producing gas in paying quantities while the gas was being sold off the premises. It being conceded that the well in question is not a gas well within the meaning of this part of the lease, and it being further conceded that the lessee has promptly paid all of the oil royalties due, it necessarily follows that the lessee has complied with those obligations of the lease which entitled it to the continued ownership and use of the oil and such gas as it did produce. This casing head gas being the property of the lessee, it certainly had the right to use it on or off the premises in the manner it was doing in this case. In Prichard v. Freeland Oil Co., 75 W. Va. 450, 84 S. E. 945, L. R. A. 1915D, 1186, second appeal in 80 W. Va. 787, 93 S. E. 871, the terms of the lease were, among other things, that the lessee was to pay a certain annual rent on all gas wells drilled on the property. The lessor sought to recover the value of the casing head gas obtained by the lessee in the operation of certain oil wells on the leased

premises and used by the lessee in a central pumping plant which pumped the oil wells in question, as well as oil wells on other leases owned by the lessee. The question in this Prichard case was whether the wells were gas wells within the meaning of the lease providing for a payment of an annual rental on all gas wells drilled on the land. The court held that they were not such, that they not being gas wells within the meaning of the lease there was no duty on the part of the lessee to pay the rentals provided for gas wells, and that the oil company had the right to use the casing head gas in the manner described without having to pay for the same other than the payment of the oil royalties. This case is apposite to the one before us.

We are not unmindful of the fact that in the evidence in this case the appellee made some complaint of lack of gas to run his home due to the use of it made by the appellant in the pumping of the oil wells. But he is not suing in this case for any breach of that part of the lease by which the lessee agreed to let him have gas free of cost to heat and light his dwelling house. He is suing for the value of the casing head gas used by the lessee off the premises regardless of how it affected his use of the gas. As we have seen, this gas was the property of the lessee under this particular lease and the facts and circumstances of this case. The court therefore should have sustained the appellee's motion for a peremptory instruction. For its failure so to do this case is reversed, with instructions to proceed in conformity with this opinion.