## Caudill et al. v. Young et al.

(Decided November 30, 1928.)

### Appeal from Magoffin Circuit Court.

Mines and Minerals.—Under oil lease granting to lessee the right to use free of cost the gas, oil, and water produced on land for its operation, with right of lessor to gas to heat and light dwelling house, and providing for royalties on casing gasoline, the lessors were not entitled to payment for casing-head gas used by lessees in drilling operation not only on land covered by lease but on adjoining land, where a sufficient amount of gas was not produced to justify saving or attempt to utilize it in the manufacture of gasoline.

A. F. BYRD and CALLOWAY HOWARD for appellants.

W. R. PRATER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellants P. E. Caudill et al., whom we will refer to as plaintiffs, sought to recover of L. C. Young et al., whom we will refer to as the defendants, $3,000 for casing-head gas used by defendants, and which plaintiffs claim belonged to them; they were unsuccessful, and they have appealed. On February 12, 1920, plaintiffs Caudill and wife gave an oil and gas lease to defendants L. C. Young et al. upon certain land in Magoffin county. This lease contained the following provisions:

"Should oil be found in paying quantities the lessee agrees to deliver to the lessors free of charge into tanks or pipe lines one-eighth part or share of

all crude oil produced or saved from said premises. Should gas be found in paying quantities, the lessee agrees to pay $200 each year for the product of each well while the same is being sold off the premises, the lessor to have gas free of cost to heat and light one dwelling house during the. same time at the well to be used at the lessors' risk. Granting to grantors, one-eighth, of net proceeds derived from manufacturing of casing gasoline payable quarterly. Lessee has the right to use free of cost gas, oil and water produced on land for its operations thereon except water from well of lessor.''

Defendants began the development of the property, and have developed 11 producing oil wells thereon. Plaintiffs have been paid their royalty on this oil. In drilling the first 4 wells, coal was used as a source of power. All of these wells produced some gas. The wells were connected and this gas used in other drilling operations not only on this land, but on adjoining lands. The gas from wells on plaintiffs' land has helped to drill or clean out 35 wells, and gas from them and from wells on adjoining leases is now being used to pump 53 wells, including those on the property of the plaintiffs. Plaintiffs admit the wells on their land did not produce a sufficient amount of gas to justify saving, or the attempt to utilize it in the manufacture of gasoline. There is no complaint that their supply for domestic purposes has suffered.

This case cannot be distinguished from Midsouth Oil Co. v. Cochran, 225 Ky. 676, 9 S. W. (2d) 1004, and, upon authority thereof, this judgment is affirmed.