## Mid-South Oil Company v. Cochran.

(Decided May 8, 1931.)

HAGER, PRICHARD & MALIN and KIRK & WELLS for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The facts of this case are stated in the former opinion. See Mid-South Oil Co. v. J. D. Cochran, 225 Ky.

676, 9 S. W. (2d) 1004. On that appeal Cochran sought a judgment against the Mid-South Oil Company for the casing head gas drawn from well No. 1, and used by the company in its operations on other premises. It was held in the opinion that the company had a right to so use the casing head gas, and the judgment was reversed. On the return of the case to the circuit court, Cochran filed an amended petition, charging that the company had failed to allow him enough of the gas to heat and light his dwelling house, and sought damages for this. On the trial of the case he recovered judgment, and the company appeals.

The provision of the contract as to gas is in these words: "Should gas be found in paying quantities the lessee agrees to pay $100.00 each year for the produce of each well while the same is being sold on the premises; the lessor to have gas free of cost to heat and light one dwelling house during the same time, at the well and to be used at the lessor's risk." The provision of the contract does not admit of the construction claimed by appellee. One hundred dollars a year should be paid for the produce of each well when gas is found in paying quantities and the same is being sold off the premises, and Cochran is to have gas free of cost, to heat and light one dwelling house during the same time. In other words, the right to have gas free of cost to heat and light one dwelling house is by the terms of the contract limited to the same time as gas is found in paying quantities and is sold off the premises. No gas here had been found in paying quantities or sold off the premises. The well was only an oil well, and very clearly the company is not liable to Cochran for not furnishing him gas free for his dwelling house under the facts. The concluding words of the opinion on the former appeal were only inserted to show why this matter was not then determined. As it was not then in issue, the opinion was simply confined to what was then before the court. On the pleadings and under the undisputed facts, the circuit court should have instructed the jury to find for the defendant.

Judgment reversed, and cause remanded, with directions for further proceedings consistent herewith.